IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMTRUST INSURANCE CO. OF<br>KANSAS, INC. | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 4:11-CV-00672<br>Judge Clark/Judge Mazzant |
| STARSHIP LEAGUE CITY, L.P. and<br>USA SELF STORAGE, INC. | §<br>§ | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.  On June 4, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants Starship League City, L.P.'s and USA Self Storage, Inc.'s 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted [Doc. #16] be denied.

Plaintiff filed this action seeking judgment declaring and determining the rights of the parties related to: (1) the liability, if any, and amount, if any, for wind claims, and damage covered under the Amtrust policy, occurring between the dates of September 13, 2009, through September 13, 2010, and the liability for, if any, and the amount, if any, for damage resulting from the wind; (2) whether defendants have complied with its conditions precedent to recovery; (3) whether defendants have mitigated their loss; (4) whether any asserted exclusions apply in the policy issued by Amtrust to defendants' claimed damages; and (5) whether the appraisal is binding on the parties [Doc. #1, ¶ 21].  Defendants filed a motion to dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff is precluded

1

from challenging the appraisal award issued by the umpire regarding the cost of replacing the roof [Doc. #16]. Having received the report of the United States Magistrate Judge [Doc. #31], and considering the objections thereto filed by defendants [Doc. #33] and the response thereto filed by plaintiff [Doc. #34], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the objections are without merit. Defendants object to the finding of the Magistrate Judge that the "appraisal does not supplant the judicial process, or the right of one party to an insurance contract to ask a court to interpret its rights and obligations." Defendants also object to the Magistrate Judge's conclusion that neither party provided case law authority that indicated an appraisal precludes a party's right to seek judicial determination of its claims.

Defendants argue that in *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 891 (Tex. 2009), the Texas Supreme Court made it clear that the appraisal process is determinative, and the umpire's award binds the parties and forecloses further litigation by the parties [Doc. #33 at 5]. Further, defendants argue that the umpire's award only includes those damages caused by wind, therefore, any argument by plaintiff that the umpire included other damages is incorrect. *Id*. at 6.

In considering defendants' motion to dismiss, the Magistrate Judge specifically discussed *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 891 (Tex. 2009), the case now cited by defendants. The Magistrate Judge noted that in *Johnson*, the court found appraisals are intended to take place prior to filing suit, and are a condition precedent to filing suit [Doc. #31 at 6]. After fully considering the arguments advanced by defendants, the Magistrate Judge concluded that

*Johnson* did not foreclose the rights of an insurer to deny a claim on the basis that a loss was not the result of a covered cause. Instead, the Magistrate Judge determined that *Johnson* required a party to appraise first and litigate later, if necessary.

The court agrees and finds that the objections raised by defendants are the same arguments advanced by defendants in their briefs.

It is, therefore, **ORDERED** that defendants Starship League City, L.P.'s and USA Self Storage, Inc.'s 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted [Doc. #16] is denied.

So **ORDERED** and **SIGNED** this **20** day of **July, 2012.**

_____
Ron Clark, United States District Judge